OPINION
Appellant Dr. Jessica Campbell is appealing the decision of the Muskingum County Court of Common Pleas that imposed a suspended sentence of one year and placed her on three years probation as opposed to finding appellant eligible for treatment in lieu of conviction. The facts giving rise to this appeal are as follows.
Appellant Dr. Jessica Campbell is a vascular surgeon who was on staff at Bethesda Hospital in Zanesville. Prior to her indictment, on February 22, 1996, appellant voluntarily entered Shepherd Hill Hospital in Newark for treatment of a chemical dependency/substance abuse problem. The Muskingum County Grand Jury indicted appellant on June 26, 1996. The indictment alleged that between February 10, 1996, and February 21, 1996, appellant removed prescription drugs from the medication cabinets of patients at the hospital in violation of R.C. 2913.02.
Following her indictment, appellant entered a plea of not guilty to each count contained in the indictment. On August 14, 1996, appellant filed a motion to stay proceedings until it could be determined by the court if appellant was eligible for treatment in lieu of conviction. The trial court conducted a hearing on this issue on November 1, 1996. The trial court overruled appellant's motion for treatment in lieu of conviction on January 21, 1997.
Prior to appellant entering her no contest plea, appellant moved the trial court to permit her to reopen the treatment in lieu of conviction hearing so she could testify on that subject. The trial court denied appellant's request. Appellant entered a no contest plea on January 28, 1997. The trial court sentenced appellant accordingly. Appellant timely filed her notice of appeal and sets forth the following assignments of error:
 I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR TREATMENT IN LIEU OF CONVICTION.
 II. THE TRIAL COURT ERRED BY FINDING APPELLANT GUILTY BEYOND A REASONABLE DOUBT BASED ON HER PLEA OF NO CONTEST.
 I
Appellant contends, in her first assignment of error, that the trial court should have granted her motion for treatment in lieu of conviction. We agree, but not for the reasons set forth in support of her first assignment of error.
R.C. 2951.041 is the statute that addresses treatment in lieu of conviction and provides, in pertinent part:
 (A) If the court has reason to believe that an offender charged with a felony or misdemeanor is a drug dependent person or is in danger of becoming a drug dependent person, the court shall accept, prior to the entry of a plea, that offender's request for treatment in lieu of conviction. If the offender requests treatment in lieu of conviction, the court shall stay all criminal proceedings pending the outcome of the hearing to determine whether the offender is a person eligible for treatment in lieu of conviction. At the conclusion of the hearing, the court shall enter its findings and accept the offender's plea.
 (B) The offender is eligible for treatment in lieu of conviction if the court finds that:
 (1) The offender's drug dependence or danger of drug dependence was a factor leading to the criminal activity with which he is charged, and rehabilitation through treatment would substantially reduce the likelihood of additional criminal activity;
 (2) The offender has been accepted into an appropriate drug treatment facility or program. * * *
 (3) If the offender were convicted he would be eligible for probation under section 2951.02 of the Revised Code, except that a finding of any of the criteria listed in division (D) and (F) of that section shall cause the offender to be conclusively ineligible for treatment in lieu of conviction;
 (4) The offender is not a repeat offender or dangerous offender as defined in section 2929.01 of the Revised Code;
 (5) The offender is not charged with any offense defined in section 2925.02, 2925.03, or 2925.21 of the Revised Code.
Upon review of the trial court's judgment entry denying appellant's request for treatment in lieu of conviction, we will not address whether the trial court should have granted appellant's request for treatment in lieu of conviction. However, we do find the trial court did not consider all five factors set forth above in denying appellant's motion for treatment in lieu of conviction. In its judgment entry, the trial court denied treatment in lieu of conviction on the basis that appellant is no longer drug dependent. Judgment Entry, Jan. 21, 1997, at 1. The trial court also denied appellant's motion on the basis that she opted not to offer any testimony on her own behalf. Judgment Entry, Jan. 21, 1997, at 1.
Although the fact that appellant is no longer drug dependent is a proper factor to consider, under the statute, the fact that appellant did not testify at the hearing on her motion for treatment in lieu of conviction is not a factor to be considered under the statute. The trial court did not address the other factors contained in R.C. 2951.041(B) in its judgment entry, although it may have actually done so in denying appellant's request. We therefore remand this matter to the trial court for the court to consider the factors contained in the statute at issue.
Appellant's first assignment of error is sustained. We will not address appellant's second assignment of error as it is moot based upon our disposition of appellant's first assignment of error.
For the foregoing reasons, the judgment of the Court of Common Pleas, Muskingum County, Ohio, is hereby remanded.
By: Wise, J., Farmer, P. J., and Gwin, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas of Muskingum County, Ohio, is remanded.
 *Page 1